# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2186SD

_____

| | | |
|---|---|---|
| Horst Masonry Construction, Inc., United States of America for the use and benefit of Plaintiff; Horst Acoustical Company, Inc., USA for the use and benefit of Horst Acoustical Co., Inc., | * * * * * * * | On Appeal from the United States District Court for the District of South Dakota. |
| Appellees, | * * | |
| v. | * * | [Not To Be Published] |
| ProControls Corporation; Capitol Indemnity Corporation, | * * * * | |
| Appellants. | * | |

_____

Submitted: February 29, 2000

Filed: March 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

ProControls Corporation and Capitol Indemnity Corporation appeal from the District Court's[1] award of attorneys' fees to the United States "for the use of" Horst Masonry Construction, Inc. and Horst Acoustical Co., Inc. in this Miller Act case.[2] We affirm.

In July 1998, Horst Masonry and Horst Acoustical, construction subcontractors, sued ProControls, the general contractor, and Capitol, the surety on a payment bond, for unpaid labor and materials. Defendants initially denied liability and asserted a number of defenses, including an offset defense. In February 1999, two days prior to trial, defendants stipulated with Horst Masonry and Horst Acoustical to a judgment on the Miller Act claims for the full amount claimed. The sole issues remaining for trial were the claim for attorneys' fees and the appropriate rate of prejudgment interest. At the conclusion of the trial, the District Court awarded Horst Masonry and Horst Acoustical attorneys' fees.

Initially, we conclude that the District Court correctly applied federal rather than state law in determining whether to award attorneys' fees. See F. D. Rich Co. v. United States for use of Indus. Lumber Co., 417 U.S. 116, 127 (1974) (finding no evidence of "congressional intent to incorporate state law to govern such an important element of Miller Act litigation as liability for attorneys' fees"); see also United States for use of Olson v. W.H. Cates Constr. Co., 972 F.2d 987, 990 (8th Cir. 1992)

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

[2]Under the Miller Act, 40 U.S.C. §§ 270a-270b, a person who receives a federal public works contract must furnish to the United States a payment bond for the protection of both the United States and qualified individuals who have not been paid after furnishing labor and materials for the project. Persons asserting Miller Act claims must bring their claims in the name of the United States "for the use of" the person suing.

("[f]ederal law, not state law, governs the scope of the remedy afforded by the Miller Act").

Only defendants' post-litigation conduct, and not pre-litigation conduct, is relevant when awarding plaintiffs attorneys' fees. See Chambers v. NASCO, Inc., 501 U.S. 32, 53 (1991) (court's inherent power to award attorneys' fees against litigant guilty of bad faith "depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation" (emphasis added)); Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist., 103 F.3d 1422, 1437 (8th Cir. 1997) ("the district court's inherent power to award attorneys' fees as a sanction for bad faith conduct does not extend to pre-litigation conduct").

Because we conclude the District Court did not abuse its discretion in determining that defendants acted in bad faith in their litigation conduct, we affirm the Court's award of attorneys' fees. See Lamb, 103 F.3d at 1434 (standard of review). First, the undisputed evidence indicated ProControls knew the offset defense was without merit and Capitol did not investigate why ProControls had not paid Horst Masonry or Horst Acoustical on the subcontracts, and thus, did not know whether an offset defense was appropriate. Second, notwithstanding the early knowledge that Horst Masonry and Horst Acoustical had not been paid all they were due, defendants failed to acknowledge this until their settlement two days before trial. The District Court thus could conclude that asserting the offset defense and delaying settlement rose to the level of "knowing and unreasonable conduct" so as to warrant an award of attorneys' fees. See Chambers, 501 U.S. at 46 (delaying or disrupting litigation constitutes bad faith); United States for use of Yonker Constr. Co. v. Western Contracting Corp., 935 F.2d 936, 942 (8th Cir. 1991) ("knowing and unreasonable conduct" constitutes "bad faith" for purposes of justifying award of attorneys' fees); 10 James Wm. Moore et al., Moore's Federal Practice § 54.171[2][c][iii] (3d ed. 1997) ("the requisite bad faith may be inferred from the absolute lack of merit in the litigant's actions").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.